IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JARRELL JOHNSON, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-17-1334 |
| STATE OF MARYLAND, | * | |
| Respondent. | * | |

\*\*\*

**MEMORANDUM OPINION**

On May 15, 2017, Petitioner Jarrell Johnson, who was awaiting a parole revocation hearing at the time he filed the above-captioned Petition, asserts that he is entitled to release from detention because he did not receive a revocation hearing within sixty days of being detained on a parole warrant. (ECF No. 1). Respondent State of Maryland filed an Answer seeking dismissal of Johnson's Petition for failure to exhaust applicable state remedies. (ECF No. 4). For the reasons outlined below, the Court will dismiss the Petition.

To the extent Johnson seeks an order mandating the Maryland Parole Commission to provide him with a parole revocation hearing, this Court does not have jurisdiction to grant that relief. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any mandamus action compelling an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner; however, this mandamus jurisdiction does not apply state employees, such as the Maryland Parole Commission. See Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969).

Alternatively, if Johnson seeks an order requiring his release from detention, his Petition involves only questions of state law and is therefore subject to the exhaustion requirement of 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. See Francis v. Henderson, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); see also Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Johnson must exhaust each claim presented by pursuing remedies available in state court. See Rose v. Lundy, 455 U.S. 509, 521 (1982). Plainly stated, he must first litigate his claim in state court, presenting both the operative facts and controlling legal principles before filing his § 2241 petition. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), cert. denied, 121 S.Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. See Granberry v. Greer, 481 U.S. 129, 134–35 (1987). The state courts are afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

The State asserts that at the time of its response, Johnson had filed a habeas petition in the Circuit Court for Somerset County, Maryland but the matter had not been fully

adjudicated. (See Response Ex. 2 ["Show Cause Order"], ECF No. 4-2).[1] Johnson does not dispute this assertion. Because Johnson has not exhausted his claim in state court, this Court may not reach the merits of his Petition, and it will be dismissed without prejudice.

In addition, this Court must consider whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, it is undisputed that Johnson's claim was not exhausted in state court. Accordingly, a certificate of appealability will not issue.

A separate order follows.

/s/
George L. Russell III
United States District Judge

---

[1] After filing the Petition, Johnson was offered a revocation hearing, but he requested a postponement. (See Blumberg Aff. Attach. A ["Revocation Postponement"], ECF No. 4-5).